# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **TSIPPORAH YISRAEL,** | : | Case No. 1:22-cv-491 |
| | : | |
| **Plaintiff,** | : | Judge |
| | : | |
| v. | : | |
| | : | **PLAINTIFF'S COMPLAINT** |
| **BECKETT SPRINGS, LLC** | : | |
| | : | |
| **Defendant.** | | |

COMES NOW Plaintiff Tsipporah Yisrael, on behalf of herself and all others similarly situated, by and through her undersigned legal counsel and for her Complaint against Defendant Beckett Springs, LLC alleges as follows:

## PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff Tsipporah Yisrael, on behalf of herself and all others similarly situated, to recover minimum wages from her employer, Defendant Beckett Springs, LLC.

2. For a three year period prior to the commencement of this action, Defendant has employed numerous employees under a policy of deducting a prorated balance of a signing bonus against the last paycheck of employment. These deductions reduce the pay for that final pay period below the minimum wage.

3. These policies have resulted in a failure to pay the full statutory wages to which these workers are entitled.

4. Plaintiff Yisrael brings this action as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and Ohio Rev. Code § 4111.01, *et seq.*

## PARTIES

5. Plaintiff Yisrael is a former employee of Defendant. She was employed as a licensed therapist from October 28, 2021 to July 22, 2022.

6. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA. Plaintiff and the FLSA Collective were employed by Defendant, received a sign on bonus, quit before one year's employment, and had a prorated amount of the bonus deducted from their final paychecks which brought the final pay below the statutory minimum wage.

7. Plaintiff further brings this action on behalf of herself and all other similarly situated individuals pursuant to Ohio Rev. Code § 4111.14(K). Plaintiff and the Ohio Collective were employed by Defendant, received a sign on bonus, quit before one year's employment, and had a prorated amount of the bonus deducted from their final paychecks which brought the final pay below the statutory minimum wage.

8. Defendant Beckett Springs LLC is a Delaware limited liability company registered to do business in Ohio.

9. Defendant subjected Plaintiff and other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims under the Fair Labor Standards Act, 29 U.S.C §203, *et seq.*

11. This Court has supplemental jurisdiction to hear Plaintiff's state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiff's federal claims.

12. Venue in this Court is proper, as a substantial amount of the events giving rise to the claims occurred herein.

### FACTUAL ALLEGATIONS

13. Defendant is an "Employer" within the meaning of the FLSA.

14. Plaintiff and the putative collective members are individuals who were employed by Defendants, received a sign on bonus, quit before one year's employment, and had a prorated amount of the bonus deducted from their final paychecks which brought the final pay below the statutory minimum wage.

15. Plaintiff was employed by Defendant from October 28, 2021 to July 22, 2022.

16. Plaintiff was compensated at a salary of $58,000 per year, or approximately $1,208.33 per week.

17. As a term and condition of her employment, the parties specifically agreed that Plaintiff would receive a "Sign On Bonus" subject to the following terms:

> In addition to your annual salary, you will receive a sign-on bonus of $10,000. This will be paid in half after 30 days and the remaining half will be paid after 90 days, less ordinary withholding. The sign on bonus will be deemed as earned on a pro-rata basis over 12 months from the Effective Date. If within 12 months of the Effective Date you… voluntarily resign… you will repay that portion of the sign on bonus that has not yet been earned as of the date of your termination. This repayment amount will be equivalent to 1/24th of the total amount paid for every month remaining of the 1-year commitment and will be withheld from your final pay(s).

18. A true and accurate copy of the agreement is attached hereto as **Exhibit A**.

19. At the time of her voluntary resignation, Plaintiff had approximately three months remaining in her commitment period.

20. By its terms, Plaintiff is required to pay back $1,250, an amount equal to 1/24th of the $10,000 amount for the remaining three months.

21. Defendant never issued a final paycheck to Plaintiff. Instead, Defendant, through its CFO Denise Woods, informed Plaintiff that she owed $2,500.

22. Defendant has failed to remit a final paycheck to Plaintiff, claiming that it was being withheld in its entirety (approximately $2,216.66) to satisfy some of the amount it claims it is owed on her sign-on bonus.

23. Defendant has further stated that it will not be paying Plaintiff's accrued paid time off ("PTO") as well.

24. Plaintiff has accrued 11 hours of PTO time, equal to approximately $330.

25. Upon information and belief, Defendant has utilized the policies described hereinabove against every employee it has hired with a sign on bonus who has quit before the end of the one-year period.

26. Defendant has suffered and permitted Plaintiff and the putative collective to work for no pay or for pay below the statutory minimum wages.

27. Defendant was aware, or should have been aware, that Plaintiff and the putative collective members were entitled to payment for their hours worked and in accordance with the statutory minimum wage amounts.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

29. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of payments below the minimum wage. The proposed FLSA collective is defined as follows:

> All persons who worked for Defendant in the past three years and received a sign-on bonus or other retention bonus, and who had their final pay deducted for a

    prorated amount of the sign-on bonus which resulted in a final paycheck below the minimum wage. ("FLSA Collective").

30. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs. Plaintiff's Opt-In form is attached hereto as **Exhibit B**.

31. During the applicable statutory period, Plaintiff and the putative FLSA collective members worked for pay below the minimum wage.

32. Defendant willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay its employees the minimum wage when they were fully aware that these employees were working for less than the minimum wage.

33. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practice of deducting sign-on bonuses from final paychecks and reducing pay to below the minimum wage, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## OHIO COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

35. Plaintiff files this action on behalf of herself and all other similarly situated individuals for the recovery of payments below the minimum wage. The proposed Ohio collective is defined as follows:

> All persons who worked for Defendant in the past three years and received a sign-on bonus or other retention bonus, and who had their final pay deducted for a

    prorated amount of the sign-on bonus which resulted in a final paycheck below the minimum wage. ("Ohio Collective").

36. In 2019, the Ohio minimum wage was $8.55 per hour. The Ohio minimum wage was $8.70 per hour in 2020. In 2021, the Ohio minimum wage was $8.80 per hour. In 2022, the Ohio minimum wage is $9.30 per hour.

37. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs. Plaintiff's Opt-In form is attached hereto as **Exhibit B**.

38. During the applicable statutory period, Plaintiff and the putative Ohio collective members often worked for pay below the minimum wage, and in excess of 40 hours in a workweek without receiving the full overtime compensation for their overtime hours worked.

39. Defendant willfully engaged in a pattern of violating Ohio wage and hour laws as described in this Complaint by failing to pay its employees the minimum wage and overtime when they were fully aware that these employees were working for less than the minimum wage

40. Defendant is liable under Ohio law for failing to properly compensate Plaintiff and the Ohio Collective. Accordingly, notice should be sent to the Ohio Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendant's practice of deducting sign-on bonuses from final paychecks thereby reducing pay to below the minimum wage, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE
**(On behalf of Plaintiff and the FLSA Collective)**

41. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

42. The FLSA, 29 U.S.C. §206, requires employers to pay a minimum wage of $7.25 per hour.

43. Defendant suffered and permitted Plaintiff and the FLSA Collective to work for less than the minimum wage.

44. Defendant violated the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the minimum wage.

45. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered a loss of income.

### COUNT II – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ.*
### FAILURE TO PAY MINIMUM WAGE
**(On behalf of Plaintiff and the Ohio Collective)**

46. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

47. Ohio Rev. Code § 4111.02, requires employers to pay the minimum wage mandated in the Ohio Constitution.

48. Defendant suffered and permitted Plaintiff and the Ohio Collective to work for less than the Ohio minimum wage.

49. Defendant violated the Ohio's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff and the Ohio Collective at the required minimum wage.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Collective have suffered a loss of income.

### COUNT III – BREACH OF CONTRACT
### AS TO REPAYMENT OF SIGN-ON BONUS
**(On behalf of Plaintiff)**

51. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

52. The parties' contract specifically states that any repayment amounts owed on the sign-on bonus shall be equivalent to 1/24th of the total for every month remaining of the 1-year commitment.

53. At the time of Plaintiff's resignation, she had three months remaining on her one year commitment.

54. As such, Defendant is only entitled to 3/24ths of the total bonus, or $1,250.

55. Defendant's deductions in excess of this amount constitutes a breach of contract, and Plaintiff has been damaged in an amount equal to the excessive deductions.

### COUNT IV – BREACH OF CONTRACT
### AS TO PAYMENT OF PAID TIME OFF
### (On behalf of Plaintiff)

56. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

57. At the time of her resignation, Plaintiff had accrued 11 hours of PTO time, equal to approximately $330.

58. Defendant have no written policy concerning the payment of accrued PTO. Alternatively, Plaintiff complied with all of Defendant's procedures to receive payment for her PTO.

59. Defendant's failure to pay all accrued PTO constitutes a breach of contract, and Plaintiff has been damaged in an amount equal to her accrued PTO.

### PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and those similarly situated, hereby demand judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiffs, the FLSA Collectives, and the Ohio Collectives, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA and Ohio Collectives apprising them of the pendency of this action,

and permitting them to assert timely claims in this action by filing individual consent forms;

2. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

3. Judgment against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

4. Judgment that Defendants violations of the FLSA and Ohio state law were willful;

5. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

6. An award of pre and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**AND WHEREFORE,** Plaintiff Yisrael, individually, hereby demands judgment against Defendants as follows:

1. For damages in an amount equal to her lost pay in excess of the contractually agreed repayments;

2. For damages in an amount equal to her wrongly withheld PTO; and

3. All other and further relief to which Plaintiff may be entitled.

/s/ Matthew S. Okiishi

---

Matthew S. Okiishi (0096706)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com
*Attorneys for Plaintiff*