# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **TSIPPORAH YISRAEL,**<br><br>Plaintiff,<br><br>v.<br><br>**BECKETT SPRINGS, LLC,**<br><br>Defendant. | Case No. 1:22-cv-00491-SJD<br><br>Judge Susan J. Dlott<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT** |

## INTRODUCTION

Plaintiff, Tsipporah Yisrael, and Defendant, Beckett Springs, LLC, respectfully move this Court for an Order approving the Fair Labor Standards Act ("FLSA") settlement reached by the Parties and memorialized in the Settlement Agreement ("Settlement" or "Agreement") attached as **Exhibit A**. If approved, it will provide payments to the Plaintiff, to Plaintiff's counsel, and dismissal of the lawsuit with prejudice.

The settlement documents submitted for approval or entry by the Court consist of the following:

**Exhibit A:** Settlement Agreement and Release

**Exhibit B:** Proposed Order of Dismissal and Approving Settlement

**Exhibit C:** Declaration of Matthew S. Okiishi

The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.** **The Action and Settlement.**

On August 22, 2022, Plaintiff filed this case (the "Lawsuit" or the "Action") against Defendant, Beckett Springs, LLC, on behalf of herself and other similarly situated current and former employees. (Matthew S. Okiishi Decl., ¶4; ECF No. 1).

In the Lawsuit, Plaintiff alleges that Defendant failed to pay her and other similarly-situated employees who "received a sign-on bonus or other retention bonus, and who had their final pay deducted for a prorated amount of the sing-on bonus which resulted in a final paycheck below the minimum wage," in violation of the Fair Labor Standards Act, § 206 ("FLSA") and Ohio Revised Code Section 4111.02. Defendant denies these allegations and asserts that it properly paid its employees, including Plaintiff, for all hours worked.

To avoid the costs and expense of litigation, the Parties negotiated a settlement of this case. (Okiishi Decl., ¶6). The Settlement was reduced to writing and is attached as Exhibit A. (Okiishi Decl., ¶6).

### B. The Settlement Terms.

If approved by the Court, the Settlement will provide Plaintiff with a total gross settlement amount is $6,600.00, which sum will cover: (a) the payments to the Plaintiff for the alleged violations; and (b) Plaintiff's Counsel's attorneys' fees and expenses. (Okiishi Decl., ¶7).

The net settlement amount represents a fair and full recovery for Plaintiff based on her allegations. (Okiishi Decl., ¶8). Additionally, early settlement at this juncture provides an immediate and tangible monetary benefit to Plaintiff. (Okiishi Decl., ¶8).

In exchange for these payments and other consideration provided for in the Agreement, the Lawsuit will be dismissed with prejudice, and Plaintiff will release Defendant from all federal, state, and local claims, rights, demands, liabilities and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses arising prior to the date that the settlement is approved by the Court.

(Okiishi Decl., ¶9). A proposed Order of Dismissal and Approving Settlement is attached hereto as **Exhibit B**.

## THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Matthew S. Okiishi, and as explained below, Court approval is warranted on all scores.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th

Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Declaration of Matthew S. Okiishi, this standard supports approval of the Settlement.

      1.      <u>No Indicia of Fraud or Collusion Exists.</u>

The Parties' Counsel have extensive experience litigating FLSA claims, including claims for unpaid overtime. The Parties reached an agreement to settle this Action after an arms length settlement negotiation. (Okiishi Decl., ¶11). As such, there is no indicia of fraud or collusion.

      2.      <u>The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.</u>

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. The Parties continue to disagree over the merits of Plaintiff's claims.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently. (Okiishi Decl., ¶13).

      3.      <u>Investigation Was Sufficient to Allow the Parties to Act Intelligently.</u>

The Parties engaged in informal discovery prior to negotiating the Settlement. (Okiishi Decl., ¶11).

      4.      <u>The Risks of Litigation Favor Approval.</u>

Although the Parties believe in the merits of their positions, they recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Continued litigation would be risky for all. (Okiishi Decl., ¶13).

      5.      <u>Uncertainty of Recovery Supports Approval.</u>

Plaintiff's range of possible recovery is also open to dispute. Even if Plaintiff succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree.

6. <u>Experienced Counsels' Views Favor Approval.</u>

The Parties' Counsel are experienced in wage and hour collective and class action cases. At all times, Plaintiff's Counsel has acted in good faith, and have represented Plaintiff's best interests in reaching the Settlement. The Parties' Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiff.

## **CONCLUSION**

The Parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiff's Counsel's request for attorneys' fees and expenses; and (3) retain jurisdiction to enforce the Settlement.

Dated: November 8, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ *Matthew S. Okiishi* | /s/ *Alex R. Frondorf* |
| Matthew S. Okiishi (0096706) | Alex R. Frondorf (0087071) |
| FINNEY LAW FIRM, LLC | LITTLER MENDELSON, P.C. |
| 4270 Ivy Pointe Blvd., Suite 225 | Key Tower |
| Cincinnati, OH 45245 | 127 Public Square, Suite 1600 |
| Telephone: 513.943.6659 | Cleveland, OH 44114-9612 |
| Facsimile: 531.943.6669 | Telephone: 216.696.7600 |
| matt@finneylawfirm.com | Facsimile: 216.696.2038 |
| | afrondorf@littler.com |
| Attorneys for Plaintiff | |
| TSIPPORAH YISRAEL | Attorneys for Defendant |
| | BECKETT SPRINGS, LLC |

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                       /s/ *Matthew S. Okiishi*
                                       Matthew S. Okiishi (0096706)