IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tsipporah Yisrael, | : | |
| | : | Case No. 1:22-cv-491 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Approving Settlement Agreement |
| Beckett Springs, LLC, | : | and Release |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Joint Motion for Approval of Settlement in this action brough pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 5.) For the reasons that follow, the Joint Motion will be **GRANTED**, and the Settlement Agreement and Release will be **APPROVED**.

**I.    BACKGROUND**

On August 22, 2022, Plaintiff Tsiporrah Yisrael filed this action as a purported opt-in collective action on behalf of herself and similarly-situated employees of Defendant Beckett Springs, LLC for violations of the FLSA and the Ohio Revised Code § 4111.01, *et seq.* (Doc. 1.) She asserted that Beckett Springs wrongly withheld her final paycheck to recover an amount that it claims she owed for not satisfying the terms of a "sign-on bonus" agreement and, as a result, failed to pay her a statutory minimum wage. (*Id.* at PageID 3–4.) She alleged that she was damaged in the amount of $2,516.66. (*Id.* at PageID 4.)[1] Yisrael requested the Court to certify a collective under the FLSA defined as follows:

> All persons who worked for Defendant in the past three years and received a sign-on bonus, and who had their final pay deducted for a prorated amount of the sign-on bonus which resulted in a final paycheck below the minimum wage.

---

[1] This amount also included $300 Yisrael claims she was owed for accrued paid time off.  (*Id.*)

(*Id.* at PageID 3–4.) She also sought the Court to certify a substantially similar collective under Ohio law. (*Id.* at PageID 5–6.)

Yisrael and Beckett Springs informed the Court that they had reached a tentative agreement to settle the case before the Court held a preliminary pretrial conference. On November 10, 2022, the parties filed the pending Joint Motion and attached thereto the proposed Settlement Agreement and Release and the Declaration of Matthew S. Okiishi in support. (Docs. 5, 5-1, 5-3.) The Settlement Agreement and Release explains that in exchange for dismissal of Yisrael's claims and a release, Beckett Springs will pay her the sum of $6,600 including $3,400 in attorney fees and $3,200 in damages. (Doc. 5-1 at PageID 28–29.) No similarly-situated individuals have opted into the proposed collective classes to date. (Doc. 5-3 at PageID 37.)

## II. STANDARD OF LAW AND ANALYSIS

District courts in the Sixth Circuit, including this Court, require judicial approval for settlement of FLSA claims. *See*, *e.g.*, *Smolinski v. Ruben & Michelle Enterprs. Inc.*, No. 16-cv-13612, 2017 WL 1536437, at *1–2 (E.D. Mich. Apr. 27, 2017); *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016); *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1026 (W.D. Tenn. 2016). District courts must ensure that an FLSA settlement is fair and reasonable, not a mere waiver of statutory rights. *See Smolinksi*, 2017 WL 1536437, at *2; *Vigna*, 2016 WL 7034237, at *3. The parties must not "manipulate[ ] the settlement process to permit the employer to avoid its obligations under the FLSA." *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13CV2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014).

Courts examine a variety of factors to determine if an FLSA settlement is reasonable, including the following:

- whether there is a bona fide dispute regarding FLSA liability,
- the plaintiff's possible recovery,
- the complexity of the case,
- the parties' anticipated burdens and expenses in proving claims and defenses,
- the plaintiff's likelihood of success on the merits,
- the risk of fraud or collusion in the settlement or whether it is the product of arm's length bargaining by experienced counsel,
- the reaction of absent class members, and
- the public interest in enforcement of the FLSA.

*See*, *e.g.*, *Cooper v. Winking Lizard, Inc.*, No. 1:16CV1513, 2017 WL 4465759, at *2 (N.D. Ohio Oct. 4, 2017); *Smolinski*, 2017 WL 1536437, at *2; *Vigna*, 2016 WL 7034237, at *3. Not all factors will be relevant in all cases.

An award of attorney fees to a prevailing plaintiff is mandatory under the FLSA. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (interpreting 29 U.S.C. § 216(b)). District courts must ensure the reasonableness of any attorney fees award. *See id.*; *Smolinksi*, 2017 WL 1536437, at *2; *Vigna*, 2016 WL 7034237, at *3–4; *Steele*, 172 F. Supp. 3d at 1030. The fact that the attorney fees award exceeds the damages award does not necessarily make it unreasonable. *Fegley*, 19 F.3d at 1134.

The Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute. First, Beckett Springs represents in the Joint Motion that it would deny the allegations in the Complaint. (Doc. 5 at PageID 22.) Second, the settlement terms are reasonable. Yisrael will recover damages under the proposed settlement in an amount that exceeds the damages set forth in the Complaint. The proposed settlement does not bind putative members of the proposed collectives, so they remain free to pursue claims of their own. Third,

FLSA collective actions are procedurally more complex and time-consuming than typical employment actions involving a single plaintiff.  This early resolution following a limited and informal exchange of discovery is an efficient means to resolve claims of uncertain viability.  (Doc. 5-3 at PageID 38.)  Fourth, the parties represent that the terms of the settlement were reached after arms-length negotiations.  (*Id.*)  Fifth, although Okiishi has not provided the Court with a statement of his hours worked or fees, the Court finds that attorney fees in the amount of $3,400 is reasonable for a case that involved at least discussions with Yisrael, drafting the Complaint, engaging in informal discovery and settlement negotiations, and preparation of the Joint Motion and supporting documentation.

### III.    CONCLUSION

For the foregoing reasons, the Joint Motion for Approval of Settlement is **GRANTED** (Doc. 5), and the Settlement Agreement and Release (Doc. 5-1) is **APPROVED**.  The case is dismissed with prejudice.  The Court shall retain jurisdiction to enforce or resolve disputes concerning the Settlement Agreement and Release.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge